## DRUSILLA P. KINGSBURY'S CASE.

The issue of a warrant by the governor, under the Gen. Sts. c. 177, § 3, for the surrends of a fugitive from the justice of another state, upon the demand of the governor thereof, is conclusive that the demand is conformable to law and ought to be complied with, unless there is some defect apparent on the record.

The certificate of the governor of another state, in demanding of the governor of this Commonwealth to surrender a fugitive from justice, that a copy, produced with the demand, of a complaint made on oath to a person styled a trial justice in said state, charging the fugitive with a crime, is authentic, sufficiently authenticates the capacity of the person as a magistrate authorized to receive the complaint, within both the U. S. St. of 1793, c. 7, § 1, and the Gen. Sts. c. 177, § 1.

It is not necessary that the sworn evidence required by the Gen. Sts. c. 177, § 1, to accompany the demand of the governor of another state on the governor of this Commonwealth for the surrender of a fugitive from justice, shall be annexed to the demand.

To constitute a fugitive from the justice of a state, within the meaning of the U. S. St. of 1793, c. 7, and the Gen. Sts. c. 177, it is sufficient that the person there charged with crime has gone beyond its jurisdiction, so that there has been no reasonable opportunity to prosecute him since the facts were known; and it is immaterial that he has gone to the place of his domicil.

A warrant issued by the governor, under the Gen. Sts. c. 177, § 3, for the surrender of a fugitive from the justice of another state, which recites generally the requisition for the surrender, and that it is conformable to law and ought to be complied with, is sufficient without a further recital of the facts on which it is founded.

PETITION for a writ of *habeas corpus* by a woman arrested by a deputy of the sheriff of Suffolk on a warrant of the governor under the seal of the Commonwealth, for her extradition as a fugitive from the justice of the state of Maine. The facts appear in the opinion.

*J. B. Thayer*, for the petitioner.

*J. C. Davis*, Assistant Attorney General, for the Commonwealth.

CHAPMAN, C. J. This petitioner having been brought before a justice of this court on *habeas corpus*, the questions presented have been adjourned into the full court for decision, conformably to the provisions of the statute. It appears by the return, that the petitioner was arrested by virtue of a warrant issued by the governor, as a fugitive from the justice of the state of Maine, charged with the crime of larceny, to be delivered to the agent of Maine appointed by the governor of that state to receive her. Several questions are presented respecting the validity of the proceedings.

The papers returned with the warrant are, first, a copy of the requisition of the governor of Maine. It states that she is "charged with the crime of larceny, as will more fully appear by the papers hereunto annexed, which I certify to be authentic;" and that she is a fugitive from justice; and he therefore requests that she be delivered up.*

The papers referred to, which accompanied the requisition, were, a complaint made on oath to Atkinson Hobart, a trial justice for the county of Penobscot in Maine, charging Mrs. Kingsbury with larceny, in the usual form, sworn to October 27, 1870; a warrant of the magistrate, in the usual form, on the same day, for her arrest; a return of *non est inventus*, made thereon by a deputy sheriff on the 31st of October; and affidavits of several witnesses stating circumstances tending to prove the larceny.

To these papers are added a certificate of the attorney general of this Commonwealth, that he had examined the requisition and other documents accompanying it, and is of opinion that a warrant may properly issue for her arrest, and that she may properly be given up to the agent appointed in the requisition to receive her.

---

\* STATE OF MAINE.

*To His Excellency William Claflin, Governor of the State of Massachusetts:*

> SEAL
>
> OF THE
>
> STATE OF
>
> MAINE.

Joshua L. Chamberlain.

The undersigned, Governor of the State of Maine, would inform your Excellency, that Drusilla P. Kingsbury, of Boston, in the County of Suffolk, in that State, charged with the crime of larceny, (as will more fully appear by the papers hereunto annexed, which I certify to be authentic,) is a fugitive from the justice of this State and now supposed to be within the limits of the State of Massachusetts. Your Excellency is therefore requested, in conformity to the Constitution and a law of the United States, to cause the said Kingsbury to be delivered to Elisha W. Shaw, who is appointed agent to receive her, that she may be brought into this State and dealt with as to law and justice may appertain.

In testimony whereof, I have caused the seal of this State to he hereunto affixed, at Augusta, this first day of November, in the year of our Lord one thousand eight hundred and seventy, and in the ninety-fifth year of the independence of the United States of America.

By the Governor. FRANKLIN M. DREW.

*Secretary of State.*

Kingsbury's case.

The U. S. St. of 1793, *c.* 7, § 1,* requires three things: 1. That the fugitive must be demanded by the executive of the state from which he has fled. 2. A copy of an indictment found, or an affidavit made before a magistrate, charging the fugitive with having committed the crime. 3. Such copy of the indictment or affidavit must be certified as authentic by the executive. *Clark's case*, 9 Wend. 212, 219. *State* v. *Schlemn*, 4 Harrington, 579. *Romaine's case*, 23 Cal. 585.

Our statute (Gen. Sts. *c.* 177, § 1) requires that the demand of the executive shall be accompanied by sworn evidence that the party charged is a fugitive from justice; and by a duly attested copy of an indictment, or a duly attested copy of a complaint made before a court or magistrate authorized to receive the same, such complaint to be accompanied by affidavits to the facts constituting the offence charged, by persons having actual knowledge thereof, and such further evidence in support thereof as the governor may require. Section 2 authorizes the governor to require the attorney general to investigate the matter and report to him. Section 3 provides that, if the governor is satisfied that the demand is conformable to law and ought to be complied with, he shall issue his warrant. This provision makes his decision conclusive, unless there is some defect apparent on the record.†

---

* "Whenever the executive authority of any state in the Union, or of either of the territories northwest or south of the river Ohio, shall demand any person as a fugitive from justice, of the executive authority of any such state or territory to which such person shall have fled, and shall moreover produce the copy of an indictment found, or an affidavit made before a magistrate of any state or territory as aforesaid, charging the person so demanded with having committed treason, felony or other crime, certified as authentic by the governor or chief magistrate of the state or territory from whence the person so charged fled, it shall be the duty of the executive authority of the state or territory to which such person shall have fled, to cause him or her to be arrested and secured, and notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear."

† "SECTION 1. The governor of this state, in any case authorized by the Constitution and laws of the United States, may, on demand, deliver over to the executive of any other state or territory any person charged therein with

It is contended that there is no certificate of allegation that the justice before whom the complaint and affidavits purport to be sworn to is a magistrate, in due form. But we think that, within the statute of the United States, and our own statute, the certificate of the governor sufficiently authenticates these papers as being sworn to before a magistrate.

It is further contended that they are not annexed to the requisition. But the statute only requires that they shall " accompany " it, and the governor of this state has found them to be sufficient.

treason, felony or other crime; or may, on application, appoint an agent to demand of the executive authority of any other state or territory any such offender fleeing from the justice of this state: provided, that such demand or application is accompanied by sworn evidence that the party charged is a fugitive from justice, and by a duly attested copy of an indictment, or a duly attested copy of a complaint made before a court or magistrate authorized to receive the same; such complaint to be accompanied by affidavits to the facts constituting the offence charged, by persons having actual knowledge thereof, and such further evidence in support thereof as the governor may require.

" SECTION 2. When such demand or application is made, the attorney general or other prosecuting officer shall, if the governor requires it, forthwith investigate the grounds thereof, and report to the governor all the material facts which may come to his knowledge, with an abstract of the evidence in the case, and especially in case of a person demanded, whether he is held in custody, or is under recognizance to answer for any offence against the laws of this state or of the United States, or by force of any civil process, with an opinion as to the legality or expediency of complying therewith.

" SECTION 3. If the governor is satisfied that the demand is conformable to law and ought to be complied with, he shall issue his warrant, under the seal of the Commonwealth, to some officer authorized to serve warrants in criminal cases, directing him, at the expense of the agent making the demand, at a time designated in the warrant, to take and transport such person to the line of this state, and there deliver him over to such agent, and such officer may require aid as in criminal cases.

" SECTION 4. No person arrested upon such warrant shall be delivered over to such agent of a state or territory, until he has been notified of the demand made for his surrender and had opportunity to apply for a writ of *habeas corpus*. if he claims such right of the officer making the arrest. And when such writ is applied for, notice thereof and of the time and place of hearing thereon sha. be given to the attorney general or other prosecuting officer for the district within which the arrest is made."

The affidavits show that the prisoner's home was in Boston, and that she went to Maine and did the acts complained of, which are alleged to constitute a larceny, and soon afterwards returned to Boston before the alleged larceny was known. It is contended that one who goes into a state and commits a crime and returns home cannot properly be called a fugitive. We are referred to the opinion of the attorney general of Pennsylvania, stated in Hurd on Habeas Corpus, 606, as an authority for this position. But we do not think it is sustained by a reasonable construction of either of the statutes above referred to. The material facts are, that the prisoner is charged with a crime in the manner prescribed, and has gone beyond the jurisdiction of the state, so that there has been no reasonable opportunity to prosecute him after the facts were known. The fact in this case, that she returned to her permanent home, cannot be material.

It is further contended that the warrant of our governor is insufficient, inasmuch as it does not recite more fully the facts on which it is founded. It contains a general recitation of the requisition, and that he is satisfied that the demand is conformable to law and ought to be complied with.* This meets all the require-

---

\* THE COMMONWEALTH OF MASSACHUSETTS.

HIS EXCELLENCY WILLIAM CLAFLIN,

*Governor of the Commonwealth.*

**To the Sheriffs of our several Counties, or to either of the Deputies,**

GREETING :

| SEAL |
|---|
| OF THE |
| COMMONWEALTH |
| OF |
| MASSACHUSETTS. |

William Claflin.

Whereas, application has been made to me by the Supreme Executive Authority of the State of Maine, for the delivery of Drusilla P. Kingsbury, of Boston, charged with the crime of larceny, and represented to be a fugitive from the justice of the said State of Maine, and now in one of our said Counties, and I am satisfied that the demand is conformable to law and ought to be complied with;

I do, therefore, by virtue of the authority in me vested by the Constitution and laws of the United States, and of this Commonwealth, by this my warrant, under the seal of the state, authorize, empower, and direct you to seize and detain the said Drusilla P. Kingsbury, and, after having given her due notice of the demand made for her surrender, and an opportunity to apply for a writ

ments of the statutes. It is not necessary that the guilt of the alleged fugitive should be inquired into. It is sufficient that the crime of larceny has been properly charged, and that the prisoner is a fugitive, and a requisition has been properly made.

*Prisoner remanded to the custody of the officer.*

of *habeas corpus,* if she shall claim such right of you, to transport to the line of this Commonwealth the said Drusilla P. Kingsbury, and there deliver her over to Elisha W. Shaw, who has been appointed by the Governor of the State of Maine an agent to demand and receive her; and this warrant you are to serve at the expense of him, the said Elisha W. Shaw; and I do hereby require all civil officers within this state to afford all needful assistance in the execution of this warrant; and of the doings in the premises you will make due return to this department within thirty days of the date hereof, after which this warrant is to become void.

In witness whereof, I have caused the seal of said Commonwealth to be hereunto affixed this eighth day of November, in the year of our Lord one thousand eight hundred and seventy, and of the Independence of the United States the ninety-fifth.

By His Excellency the Governor.

CHARLES W. LOVETT,
*Deputy Secretary of the Commonwealth.*