## CHUNG KIN TOW v. FLYNN.

(Circuit Court of Appeals, First Circuit. November 19, 1914.)

No. 1088.

1. HABEAS CORPUS (§ 92*)—SCOPE OF REVIEW—GOVERNOR'S WARRANT—PRIMA FACIE EVIDENCE.

On review of extradition proceedings by a petition for habeas corpus, the warrant of the Governor of the asylum state is prima facie evidence that all necessary legal prerequisites have been complied with; and if the proceedings before and by the Governor so appear to be regular, it is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evidence of the right to remove the prisoner to the state from which he fled.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 81, 83, 87–96; Dec. Dig. § 92.*

Scope of review on habeas corpus to procure release of person sought to be extradited, see note to Bruce v. Rayner, 62 C. C. A. 506.]

**2.** HABEAS CORPUS (§ 92*)—PROCEEDINGS—ACTION OF GOVERNOR—CONCLUSIVENESS.

Where it appeared that the Governor of the asylum state in extradition proceedings acted, not only on the report of his Attorney General, which by the statutes of his state he was entitled to require, but also on the extradition papers from the demanding state, the reference to the report of the Attorney General was ineffective, since, while the Governor was entitled to demand the Attorney General's report, he was under no obligation to rely exclusively on it.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 81, 83, 87–96; Dec. Dig. § 92.*]

**3.** EXTRADITION (§ 34*)—AFFIDAVITS—AUTHENTICATION BY GOVERNOR—CONCLUSIVENESS.

Where affidavits forming a part of the papers in an extradition proceeding were sworn to before the clerk of an inferior court in the demanding state, but the Governor of that state authenticated the affidavits, they were sufficiently authenticated for all the purposes of extradition.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 35–38; Dec. Dig. § 34.*]

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Habeas corpus by Chung Kin Tow against Frederick F. Flynn to obtain petitioner's release from an extradition warrant issued by the Governor of Massachusetts, directing petitioner's removal to the state of Illinois to answer a complaint charging him with murder. From a decree denying the writ, petitioner appeals. Affirmed.

Herbert Parker, of Boston, Mass. (Thomas J. Barry and Herbert F. Callahan, both of Boston, Mass., on the brief), for appellant.

Leon R. Eyges, of Boston, Mass. (Thomas J. Boynton, of Boston, Mass., on the brief), for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. This is an appeal from the decree of the United States District Court, denying a writ of habeas corpus, applied for by Tow, against a warrant of the Governor of Massachusetts directing the removal of the appellant to answer a complaint charging murder, pending in the county of Cook and state of Illinois. The observations of the counsel for the appellant are wholesome and carefully expressed, but they are mainly of a general character. There are few propositions requiring our attention.

The proceedings before the Governor of Massachusetts were very protracted. It is apparent that the principal question was one of the identity of the appellant, who now appears under the name of Chung Kin Tow. The requisition of the Governor of Illinois was for Harry Eng Hong. The common controversy which so often puzzles the courts

with reference to the identity of Chinamen was, in some of the stages before the Governor of Massachusetts, troublesome; but it is now all out of the way by the appellant's admission.

[1] Also it is now admitted as follows:

"The appellant concedes, upon review by petition for habeas corpus, that the warrant of the Governor is prima facie evidence that all necessary legal prerequisites have been complied with, and, if the proceedings before and by the Governor so appear to be regular, it is conclusive evidence of the right to remove the prisoner to the state wherefrom he has fled."

This is a proper and wholesome admission, which is in accordance with the practice in extradition cases. Indeed, the proceedings upon extradition cases are summary, and, for the most part, very simple, and extensive conflicts with reference thereto should cease. As in this case the warrant of the Governor of Massachusetts shows on its face that all the necessary legal prerequisites have been complied with, as stated in the admission, this is conclusive, as further stated in the admission, unless the proceedings before the Governor appear not to have been regular.

[2] This attempted reservation probably has reference to the claim that the Governor of Massachusetts acted on the extradition papers from the demanding state, and on a report made by the Attorney General of Massachusetts. If it had appeared that the Governor of Massachusetts acted only on the report of the Attorney General, this might have required us to investigate what was, in fact, reported by the Attorney General; but, as it is admitted that the Governor of Massachusetts also had acted on the extradition papers from the demanding state, this reference to the report of the Attorney General of Massachusetts is ineffective. The Governor had the right, of course, to demand the opinion of the Attorney General of Massachusetts, but he was under no obligation to rely exclusively on that report; and also the proceedings which accompanied the papers from the demanding state were unusually voluminous, and covered every point in the case.

It is true that the petitioner, appellant, cites to us the Revised Laws of Massachusetts, c. 217, § 11, to the effect that the requisition should be "accompanied by affidavits to the facts constituting the crime charged by persons who have actual knowledge thereof"; and in this connection the petitioner alleges that the facts averred in the requisition record "would only prima facie constitute the crime of an assault, or, at the most, manslaughter," and fail to set out the facts indicating malice and premeditation. However, even if this provision of the Massachusetts statute is effectual, the requisition record alleges sufficient, in connection with the common-law presumption that certain facts, unexplained, constitute murder, to meet the demands of this statute, in view, particularly, of the fact that extradition looks always to summary proceedings, and not to technical details or strict rules of criminal practice or pleading, as is stated in Munsey v. Clough, 196 U. S. 364, 372, 25 Sup. Ct. 282, 49 L. Ed. 515.

[3] A criticism is made that the affidavits were taken before a clerk of some inferior court of the state of Illinois, but that his authority to attest them is not shown. It is not necessary for us to examine the laws of the state of Illinois as to the authority of the clerk in question

to take the affidavits to which we refer, because the Governor of Massachusetts in his warrant has certified that the Governor of Illinois has authenticated the affidavits, so that they are sufficiently authenticated for all the purposes of extradition. It has been always held, with reference to authentications required by the statutes of the United States, that the authentications by the respective Governors are sufficient. Moore on Extradition, vol. 2, §§ 558 to 561, and especially Kingsbury's Case, 106 Mass. 223, 226. The rule which reaches authentications to whatever is especially required by the statute is broad enough, according to principal and practice, to reach all authentications made use of in extradition. According to the late advances by the Supreme Court towards simplifications in matters of extradition, when we have the authentications of the Governors, we are not required to look into the intricacies of local legislation.

The decree of the District Court is affirmed, and the appellee recovers his costs of appeal.