# SUPREME JUDICIAL COURT,

FOR THE

## COUNTY OF HAMPDEN, SEPTEMBER TERM, 1873, AT SPRINGFIELD.

═══════

PRESENT:

Hon. HORACE GRAY, Chief Justice.
Hon. JAMES D. COLT,
Hon. SETH AMES,
Hon. MARCUS MORTON, }Justices.
Hon. WILLIAM C. ENDICOTT,

───────

## Charles R. Brown's Case.

The term "other crime," used in the provisions of the Constitution and laws of the United
States, and of the statutes of this Commonwealth, relative to the surrender of fugitives
from justice, means any offence indictable by the laws of the state demanding the sur-
render.

A statement in the warrant of the Governor of the Commonwealth for the arrest and de-
livery up of an alleged fugitive from justice, that the fugitive is "charged with the crime
of selling and furnishing intoxicating liquors contrary to the laws of Vermont, and
represented to be a fugitive from the justice of said State of Vermont," shows that he has
been charged with a crime against the laws of that state, and is a sufficient allegation to
that effect.

HABEAS CORPUS of a citizen of Vermont, arrested under a
warrant of his Excellency the Governor of this Commonwealth,
which warrant stated that application had been made to him by

the supreme executive authority of the State of Vermont, for the delivering of said Brown, " charged with the crime of selling and furnishing intoxicating liquors contrary to the laws of Vermont, and represented to be a fugitive from the justice of said State of Vermont," and ordered him to be delivered up to be removed to that state. The petitioner contended that the warrant did not show that he had been guilty of any crime for which he was liable to be so delivered up, and the question was by *Gray*, C. J. adjourned into and reserved for the determination of the full court.

*F. F. Fay*, for the petitioner.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. The words of the provisions of the Constitution and laws of the United States, and of the statutes of the Commonwealth, upon the subject of fugitives from justice, the history of those provisions, and the judicial expositions of them, conclusively establish that the authority of the Governor of this Commonwealth to order the delivery of fugitives from the justice of another state of the Union extends to a person appearing to be charged with any crime whatever in that state.

The corresponding provision in the Articles of Confederation, art. 4, § 2, included only persons " charged with treason, felony, or other high misdemeanor." 1 U. S. Sts. at Large, 4. The article was reported in the same form by a committee of the Convention which framed the Constitution of the United States. 2 Madison's Debates, 1240. But when this article was taken up in the Convention, as we learn from Mr. Madison's report, " the words ' high misdemeanor ' were struck out, and the words ' other crime ' inserted, in order to comprehend all proper cases; it being doubtful whether ' high misdemeanor ' had not a technical meaning too limited." 3 Madison's Debates, 1447. And accordingly the article, as it stands in the Constitution, is in these words: "A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime." Const. U. S. art. 4, § 2. The

distinction is made the more significant by comparing it with the provisions that civil officers may be impeached for "treason, bribery; or other high crimes and misdemeanors;" art. 2, § 4; and that "the trial of all crimes, except in cases of impeachment, shall be by jury." Art. 3, § 2. The act of Congress, and the statutes of Massachusetts, upon the subject of fugitives from justice, use the same words, "treason, felony, or other crime." U. S. St. 1793, *c.* 7, § 1. Sts. 1801, *c.* 10; 1834, *c.* 155. Rev. Sts. *c.* 142, § 6, 7. Gen. Sts. *c.* 177, § 1.

The provision of the Constitution of the United States was assumed by this court in *Commonwealth* v. *Green*, 17 Mass. 515, 547, to extend to all crimes committed in another state. The Justices of the Supreme Court of Maine, in 1837, gave to the Governor of that state an opinion to the same effect. 24 Am. Jur. 233. And the Supreme Courts of New York and New Jersey adjudged upon *habeas corpus* that the Constitution included all crimes indictable by the law of the state from which the prisoner fled. *In re Clark*, 9 Wend. 212. *In re Voorhees*, 3 Vroom, 141.

· A like opinion was expressed by the Supreme Court of the United States upon an application by the Governor in the name of the Commonwealth of Kentucky for a mandamus to the Governor of Ohio, to compel him to deliver up a fugitive from justice who had been indicted in Kentucky for an act which was not criminal by the law of Ohio. *Commonwealth of Kentucky* v. *Dennison, Governor of Ohio*, 24 How. 66, 102. Although that opinion was in one sense extrajudicial, because not necessary to the judgment, which dismissed the petition for a mandamus, it is proper to refer to it as supporting our reasoning and conclusion.

The question how far the Governor upon whom the demand is made may rightfully exercise any discretion in the matter is not before us, and we therefore give no opinion upon it.

The only objections taken by the learned counsel for the prisoner are to the sufficiency of the executive warrant, 1st. because the offence therein mentioned is not one for which the Executive is authorized to order the prisoner to be delivered up,

2d. because the offence is not sufficiently set forth. The first objection we have already answered. The second is equally untenable ; for, as appears by the cases already cited, the question is not whether the statement in the warrant would be sufficient in an indictment to put the prisoner upon trial in the state from which he fled, but whether it shows that he has been charged with a crime against the law of that state ; and for that purpose the general description in this warrant is sufficient.

*Prisoner remanded.*