## Ex parte CHUNG KIN TOW.

(District Court, D. Massachusetts. April 30, 1914.)

No. 1025.

**1.** HABEAS CORPUS (§ 92*)—EXTRADITION PROCEEDINGS—QUESTIONS REVIEWABLE—IDENTITY OF PRISONER.

Where petitioner was arrested under an extradition warrant for his return to Illinois as a fugitive from justice, whether petitioner was the same person alleged to have fled from the justice of the demanding state is open to review on habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 81, 83, 87–96; Dec. Dig. § 92.*]

**2.** EXTRADITION (§ 39*)—PROCEEDINGS—HEARING BEFORE GOVERNOR OF ASYLUM STATE.

The Governor of an asylum state, on whom requisition is made for the surrender of an alleged fugitive from justice, is not required to hear the prisoner before ordering his removal.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 45, 46; Dec. Dig. § 39.*]

**3.** HABEAS CORPUS (§ 103*)—EXTRADITION—PROCEEDINGS—CERTIFICATE OF GOVERNOR.

The Governor of a demanding state having certified that requisition papers were sufficient according to the practice of that state, and the Governor of the asylum state having accepted such view and issued his warrant for removal, the court on habeas corpus would not interfere, unless it is clear that the papers do not comply with the statutory requirements in substantial and important particulars.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 90, 91; Dec. Dig. § 103.*]

Habeas corpus on petition of Chung Kin Tow to obtain his release from detention under an extradition warrant issued by the Governor of Massachusetts. Petition dismissed, writ discharged, and petitioner remanded.

Herbert Parker and Thomas J. Barry, both of Boston, Mass., for petitioner.

Leon R. Eyges, Asst. Atty. Gen., of Boston, Mass., for respondent.

MORTON, District Judge. This is a petition for a writ of habeas corpus. The respondent, Frederick F. Flynn, is a member of the Massachusetts district police, and he is detaining the petitioner under a warrant issued by the Governor of Massachusetts for the removal of the petitioner to the state of Illinois upon extradition proceedings instituted by the Governor of that state. Two questions are presented: (1) Whether the petitioner is a fugitive from the justice of the state of Illinois; (2) whether the requisition papers are sufficient in law to justify the warrant for removal.

The material facts are as follows: On or about February 13, 1912, at Chicago, in the state of Illinois, one Mark Chung was assassinated, by being shot to death in a shop in which he was working. The murderer fled. Harry Eng Hong was immediately accused of the mur-

der by alleged eyewitnesses to it, and within four days thereafter the Chicago police published a notice containing a picture supposed to be that of Harry Eng Hong, and saying that he was wanted for said murder. The warrant of the Governor of Massachusetts is against Harry Eng Hong, and the respondent contends that the petitioner is Harry Eng Hong. The petitioner contends that he is not Harry Eng Hong, but Chung Kin Tow, that he never was in the state of Illinois, and is not a fugitive from justice. This was the principal issue of fact before me.

[1] That this question is open upon habeas corpus proceedings, either in the federal or in the state courts, seems to be settled. McNichols v. Pease, 207 U. S. 100, 28 Sup. Ct. 58, 52 L. Ed. 121; Hyatt v. Corkran, 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657; Robb v. Connolly, 111 U. S. 624, 638, 4 Sup. Ct. 544, 28 L. Ed. 542; Munsey v. Clough, 196 U. S. 364, 25 Sup. Ct. 282, 49 L. Ed. 515.

The view which I was at first inclined to take, upon analogy to habeas corpus proceedings in immigration and army cases (see Chin Yow v. U. S., 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369; Japanese Immigrant Case, 189 U. S. 86, 100, 23 Sup. Ct. 611, 47 L. Ed. 721; In re Grimley, Petitioner, 137 U. S. 147, 150, 11 Sup. Ct. 54, 34 L. Ed. 636), that the decision of the Governor of Massachusetts was conclusive, if fairly made upon fundamentally correct principles of law, cannot, I think, notwithstanding the language used in Roberts v. Reilly, 116 U. S. 80, 95, 6 Sup. Ct. 291, 29 L. Ed. 544, and in Ex Parte Reggel, 114 U. S. 642, 652, 5 Sup. Ct. 1148, 29 L. Ed. 250, be supported in view of the other decisions referred to. See, too, Moore on Extradition (1st Ed.) § 634.

[2] The Governor upon whom the requisition is made is not obliged to hear a prisoner before ordering his removal. "The person demanded has no constitutional right to be heard before the Governor on either question, and the statute provides for none." Peckham, J., Munsey v. Clough, 196 U. S. 364, 372, 25 Sup. Ct. 282, 284 (49 L. Ed. 515). The prisoner plainly has a right to be heard upon the questions involved in his extradition. Robb v. Connolly, 111 U. S. 624, 638, 639, 4 Sup. Ct. 544, 28 L. Ed. 542. And it seems to follow that his hearing shall be before the court upon habeas corpus proceedings. Cases supra; Rev. Laws Mass. c. 217, § 14. In this case, however, the Governor of Massachusetts did hear the petitioner fully before ordering his removal to Illinois.

It seems to me to be established by a fair preponderance of the evidence, and I accordingly find, that the prisoner is Harry Eng Hong, the identical person named in the requisition of the Governor of Illinois, and that he was in Illinois at the time when the alleged murder was committed, and is now a fugitive from the justice of that state. In arriving at these findings I have assumed, as contended by the petitioner, without so deciding, that the burden of proof upon the whole case was upon the respondent to justify his detention of the prisoner.

[3] The Governor of Illinois having certified the requisition papers as sufficient according to the practice of that state, and the Governor

of Massachusetts having accepted that view and issued his warrant for removal, this court ought not to interfere, especially since the merits of the controversy are against the petitioner, unless it is clear that the papers do not, in substantial and important particulars, comply with the statutory requirements. It does not seem to me that that can properly be said of the extradition record in this case. McNichols v. Pease, ubi supra.

Petition dismissed; writ discharged; petitioner remanded.