JOSEPH F. DUDDY'S CASE.

Suffolk.  December 4, 1914. — December 30, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Requisition.  Fugitive from Justice.  Evidence,* Opinion.  *Habeas Corpus.*

Under R. L. c. 217, § 11, the question whether a person whose delivery is demanded by the Governor of another State upon requisition papers is a fugitive from justice is a question of fact.

Under R. L. c. 217, § 11, when a requisition is made upon the Governor of this Commonwealth by the Governor of another State for the delivery of an alleged fugitive from justice, the affidavit of the prosecuting attorney in such other State that the person demanded is a fugitive from justice is sufficient to satisfy the requirement of the statute that "such demand or application shall be accompanied by sworn evidence that the person charged is a fugitive from justice," this being a conclusion of fact such as all men are able and accustomed to draw depending on matters complicated or involved which cannot be reproduced exactly as they happened.  In the present case, where the crime committed in the other State was larceny, a part of the stolen property was taken from the person charged when he was arrested in this Commonwealth, which tended to confirm the conclusion that he was a fugitive from justice.

The question, whether the action of the Governor in passing on evidence presented to him under R. L. c. 217, §§ 11–13, in support of a requisition for the delivery of a fugitive from justice from another State is open to review upon a petition for a writ of *habeas corpus* under § 14 of the same chapter, here was referred to as not decided, because if the finding of the Governor was open to such revision it was right.

PETITION, filed on August 18, 1914, for a writ of *habeas corpus*, alleging that the petitioner unlawfully was imprisoned and restrained of his liberty under a warrant issued upon the request of the Governor of West Virginia for the alleged crime of grand larceny, and that the warrant was issued contrary to the Constitution and laws of the United States and those of this Commonwealth.

The case came on to be heard before *Braley,* J., upon the return of an order of notice to show cause why a writ of *habeas corpus* should not issue, the only evidence introduced being the demand for rendition of the petitioner addressed to the Governor of this Commonwealth by the Governor of the State of West Virginia, dated July 15, 1914, together with the documents attached

thereto, and another demand for rendition of the petitioner addressed to the Governor of this Commonwealth by the Governor of said State, dated August 3, 1914, the attached documents being described in the opinion.

The justice was of opinion that the petition should be dismissed, but, at the request of the petitioner, adjourned the case under R. L. c. 191, § 14, into the full court and reported it for their determination.

*S. R. Cutler,* for the petitioner.

*L. R. Eyges,* Assistant Attorney General, for the Commonwealth.

SHELDON, J. It is provided by R. L. c. 217, § 11, that "The Governor, in any case which is authorized by the Constitution and laws of the United States, may, upon demand, deliver to the executive of any other State or territory any person charged therein with treason, felony or other crime. . . . Such demand or application shall be accompanied by sworn evidence that the person charged is a fugitive from justice and by a duly attested copy of an indictment or complaint made before a court or magistrate authorized to receive it. Such complaint shall be accompanied by affidavits to the facts constituting the crime charged by persons who have actual knowledge thereof, and by such further evidence as the Governor may require."

The petitioner contends that in this case the Governor had not before him "sworn evidence" within the meaning of the statute, and therefore that the petitioner cannot be taken and delivered to the State of West Virginia by process issued thereon.

In determining this question, both requisitions and the papers accompanying them must be considered. The one was supplementary to the other. The first was based upon a complaint charging the petitioner and one Robinson with the crime of larceny upon the oath of the owner of the property alleged to have been stolen. It was accompanied by the affidavit of this owner to the facts of the larceny and of his identification of some of the stolen property taken from the petitioner and Robinson after their arrest in Boston, and by the affidavit of the prosecuting attorney in West Virginia that the persons charged in the complaint were fugitives from justice. The second requisition was accompanied by a duly authenticated copy of an indictment found by a grand jury in West Virginia against the petitioner for the same alleged crime

and by an affidavit of the same prosecuting attorney that the person so indicted was a fugitive from justice. The petitioner was arrested on a warrant issued by the Governor of the Commonwealth for his delivery to the representative of West Virginia, and now asks for a writ of *habeas corpus* to obtain his release.

The petitioner contends that there is no sworn evidence that he is a fugitive from justice, because he says that these affidavits of the prosecuting attorney state merely a conclusion of law from undisclosed facts, and so are insufficient.

As a matter of principle, we could not sustain this contention. It is a question of fact whether one is a fugitive from justice, — that is, whether, having actually and not merely constructively committed a crime within another State, he has departed therefrom and cannot be found there to answer to a prosecution for his offense. The question is not whether he has consciously and literally fled for the purpose of avoiding a trial, but whether he is a fugitive from justice in the sense that we have stated. *Kingsbury's Case*, 106 Mass. 223, 227. *In the Matter of Voorhees*, 3 Vroom, 141. *State* v. *Richter*, 37 Minn. 436. *People* v. *Pinkerton*, 17 Hun, 199. *Roberts* v. *Reilly*, 116 U. S. 80, 97. *Appleyard* v. *Massachusetts*, 203 U. S. 222. *McNichols* v. *Pease*, 207 U. S. 100, 108. One may be allowed to testify to such a conclusion of fact, just as he might testify that some one was drunk, or to a question of identity, or to any other conclusion of fact such as all men are able and accustomed to draw, especially when such a conclusion depends upon complicated or involved matters, which cannot be reproduced exactly as they happened. *Commonwealth* v. *Sturtivant*, 117 Mass. 122. *Beverley* v. *Boston Elevated Railway*, 194 Mass. 450. *Partelow* v. *Newton & Boston Street Railway*, 196 Mass. 24, 31. *Gorham* v. *Moor*, 197 Mass. 522. *Jenkins* v. *Weston*, 200 Mass. 488, 493. See *Commonwealth* v. *Rodziewicz*, 213 Mass. 68.

And although there have been some intimations in favor of the view taken by the petitioner, we regard the question as settled against his contention by the great weight of authority.

In *Ex parte Reggel*, 114 U. S. 642, the only evidence upon this point was an affidavit stating that the prisoner was "a fugitive from justice;" and the Supreme Court of the United States sustained his extradition, and said (page 653): "It is contended that

Gentner's affidavit that Reggel is a fugitive from justice is the statement of a legal conclusion, and is materially defective in not setting out the facts upon which that conclusion rested. Although that statement presents, in some aspects of it, a question of law, we cannot say that the Governor of Utah erred in regarding it as the statement of a fact, and as sufficient evidence that appellant had fled from the State in which he stood charged with the commission of a particular crime." To the same effect is *Ex parte Sheldon*, 34 Ohio St. 319, 327. So in *Marbles* v. *Creecy*, 215 U. S. 63, in which also extradition was granted, the only evidence upon this point was an affidavit that Marbles was a "fugitive from the justice" of the one State and had taken refuge in the other State; and the court said that this was legally sufficient.

In the case at bar there was sworn evidence by the affidavit of Homrich that the petitioner committed in West Virginia · the crime charged against him, followed by the affidavit of the prosecuting attorney that the petitioner is a fugitive from justice. There is *prima facie* evidence accordingly that he was in West Virginia and there committed the crime charged. There is nothing to meet this evidence of his presence in that State. He was arrested here; and there is sworn evidence that a part of the stolen property was taken here from him and his alleged accomplice, which tends to confirm the conclusion that he is a fugitive from justice.

We need not discuss the other points which have been raised in argument. If we assume without deciding that the action of the Governor in passing upon the evidence before him is open to review upon this proceeding, we are yet of the opinion that this petition cannot be maintained. See *Kentucky* v. *Dennison*, 24 How. 66; *Hyatt* v. *Corkran*, 188 U. S. 691, 719; *Munsey* v. *Clough*, 196 U. S. 364, 372.

*Petition dismissed.*