## WILLIAM GERMAIN, petitioner.

Suffolk. November 8, 1926. — January 12, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Extradition. Governor. Habeas Corpus. Evidence,* Presumptions and burden of proof. *Practice, Civil,* Exceptions.

In the determination, upon a report by a single justice of the Supreme Judicial Court, of a petition for a writ of habeas corpus seeking the release of one held in custody in extradition proceedings on demand of the Governor of another State, *it was assumed* by this court for the purposes of this decision that the right to judicial review of executive action by the Governor of this Commonwealth in respect to granting interstate rendition on the ground that the demanded person is not a fugitive from justice exists, and *it was stated* that the precise question before the court was, how far that judicial review extends.

In reviewing, upon a petition for a writ of habeas corpus, a decision by the Governor of this Commonwealth that a person demanded in extradition proceedings by the Governor of another State is a fugitive from justice, this court does not try the whole question anew according to strict rules of evidence and all other procedural limitations.

Upon such a review, the petitioner should not be released unless it is made clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States: he therefore should not be released where there is merely contradictory evidence on the subject of presence in or absence from the State where he has been indicted at the time of the crime, since habeas corpus is not the proper proceeding to try the question of alibi or any question as to the guilt or innocence of the accused.

Upon a petition for a writ of habeas corpus seeking the release of one held in custody by the Governor of this Commonwealth in extradition proceedings upon demand by the Governor of Missouri, it appeared that the petitioner had been charged in Missouri with the crime of "Robbery 1st degree" and in the warrant the Governor of this Commonwealth recited that "the representation and demand" for rendition made by the Governor of Missouri "are accompanied by certain documents whereby the said . . . [petitioner] is shown to have been duly charged with said crime and to be a fugitive from the justice of the State of Missouri, and to have taken refuge in this Commonwealth," all duly certified and authenticated by the Governor of Missouri. The petitioner offered to show that on the date of the commission of the crime charged he was physically present in this Commonwealth and not in Missouri; and "that the affidavit attached to the warrant of the Governor of Missouri was false because the affiant had no personal knowledge as to the commission of the crime or of the presence of the

petitioner in the town where the robbery was committed except that the affiant personally saw the petitioner there four days previous to the alleged commission of the offense; and that the entire affidavit was founded upon hearsay evidence." The affidavits sent by the Governor of Missouri were not set out in the record. The single justice excluded the evidence and reported the case for determination by the full court. *Held,* that

(1) In the absence from the record of the affidavits sent by the Governor of Missouri, it must be assumed at least that they showed on their face facts, stated by those purporting to have knowledge thereof, sufficient to warrant rendition;

(2) Such affidavits constituted "sworn evidence" within the meaning of those words in G. L. c. 276, § 11;

(3) In the absence of those affidavits from the record, no presumption as to their weakness could be made in favor of the petitioner;

(4) Such assumption being made as to the facts shown by those affidavits, it followed that the offer of proof by the petitioner raised merely a question of fact as to the credibility of witnesses, which ought to be tried in the courts of Missouri and not on a petition for habeas corpus in this Commonwealth;

(5) The single justice was not required to deal with the question of alibi;

(6) On the face of the record, the evidence offered by the petitioner was not of a nature to make it "clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States";

(7) It was not necessary to go through the idle form of receiving evidence which in the mind of the single justice, in view of other circumstances or evidence, could not produce the result desired by the petitioner and which could at most raise only a question of disputed fact;

(8) Upon the precise facts shown by the record, the petitioner failed to show that the petition should have been granted.

PETITION for a writ of habeas corpus, filed in the Supreme Judicial Court for the county of Suffolk on July 16, 1926, and described in the opinion.

The petition was heard by *Braley,* J., who excluded evidence offered by the petitioner and described in the opinion, denied the petition, and reported the case to the full court for determination. Except for the recital of the evidence offered by the petitioner, the report contains no statement of the evidence before the single justice.

The case was submitted on briefs.

*W. R. Scharton & S. A. Dearborn,* for the petitioner.

*J. R. Benton,* Attorney General, & *J. L. Wiseman,* Assistant Attorney General, for the respondent.

RUGG, C.J.   This is a petition for a writ of habeas corpus, wherein it is alleged that the petitioner is unlawfully deprived of his liberty on a warrant, issued by His Excellency the Governor of this Commonwealth upon a demand by the Governor of the State of Missouri on the ground that the petitioner is a fugitive from justice in that State, having been there accused of the crime of robbery committed on the thirtieth day of December, 1925.   At the hearing before the single justice, the petitioner made offer of proof (1) that on the date of the alleged commission of the crime he was physically within this Commonwealth and not in the State of Missouri, and (2) that the affidavit attached to the demand or warrant of the Governor of the State of Missouri was false.   Both these offers of proof were excluded, the petition denied, and the case reported for determination by the full court.   *King's Case,* 161 Mass. 46, 49.   *Chambers's Case,* 221 Mass. 178, 179.

It is provided by the Constitution of the United States, art. 4, § 2, that "A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime." To effectuate this constitutional mandate the Congress has enacted (U. S. Rev. Sts. § 5278): "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to

such agent when he shall appear . . . ."   The General Court also has enacted statutory provisions not in conflict with the act of Congress but to aid and supplement its enforcement by regulation of the exercise of the executive powers under the Federal Constitution and statute.   These provisions are that the demand for rendition by the Governor of a sister State shall be accompanied by sworn evidence that the person demanded is a fugitive from justice, and by a duly certified copy of an indictment or complaint before a court or magistrate thereto duly authorized, and that such person when arrested shall be given an opportunity to apply for a writ of habeas corpus; and that the Governor may require the Attorney General or a district attorney to investigate the relevant facts and to advise him as to the legality or expediency of complying with the demand.   G. L. c. 276, §§ 11–14.   No one of these sections is drawn in question in the present proceeding.   There is no reason to doubt their validity.   *Commonwealth* v. *Tracy,* 5 Met. 536, 549, 550.   *Commonwealth* v. *Hall,* 9 Gray, 262, 268.   *Commonwealth* v. *Nickerson,* 236 Mass. 281, 292, 293, 296–301.   *Commonwealth* v. *Fuller,* 8 Met. 313.   The provisions of the statutes of this Commonwealth are significant because indicative of the care which under their terms must be exercised by the chief executive in performance of the duties of interstate rendition of those charged with being fugitives from justice in other States.

No contention is made that there has not been compliance with every requirement of the statutes of the United States and of this Commonwealth.

In deciding a case of this character when the statutes of the United States and of this Commonwealth were in substance the same as now touching this particular point, it was said, with respect to the force and effect of the decision of the Governor to honor the requisition in *Kingsbury's Case,* 106 Mass. 223, 225, that the "provision [of our statute] makes his decision conclusive, unless there is some defect apparent on the record."   It was said by Chief Justice Gray in *Davis's Case,* 122 Mass. 324, 328, "The warrant of the Governor of the Commonwealth is *prima facie* evidence, at

least, that all necessary legal prerequisites have been complied with, and, if the previous proceedings appear to be regular, is conclusive evidence of the right to remove the prisoner to the State from which he fled." The decision, whether the requisition of the demanding Governor ought to be honored, is executive in nature and is conferred upon the Governor of this Commonwealth as its chief executive. There is in art. 30 of the Declaration of Rights of the Constitution of Massachusetts strict separation of the powers of the executive and judicial departments of government. In *Rice* v. *Governor*, 207 Mass. 577, 580, occurs this statement: "It seems better to hold that, for whatever he does officially, the Governor shall answer only to his own conscience, to the people who elected him, and in case of the possible commission of a high crime or misdemeanor, to a court of impeachment."

The precise nature and extent of judicial review of a decision of the Governor in a case of this nature may be thought to be not thoroughly settled. Uncertainty as to the extent of that power was expressed in *Ex parte Reggel*, 114 U. S. 642, 653. In *Appleyard* v. *Massachusetts*, 203 U. S. 222, 228, 229, it was said with respect to the force of § 5278 of U. S. Rev. Sts., quoting with approval words used in *Roberts* v. *Reilly*, 116 U. S. 80, at page 95: "It must appear, therefore, to the Governor of the State to whom such a demand is presented, before he can lawfully comply with it, first, that the person demanded is substantially charged with a crime against the laws of the State from whose justice he is alleged to have fled, by an indictment or an affidavit, certified as authentic by the Governor of the State making the demand; and, second, that the person demanded is a fugitive from the justice of the State, the executive authority of which makes the demand. The first of these prerequisites is a question of law, and is always open upon the face of the papers to judicial inquiry, on an application for a discharge under a writ of *habeas corpus*. The second is a question of fact, which the Governor of the State upon whom the demand is made must decide, upon such evidence as he may deem satisfactory. How far his decision may be reviewed judi-

cially in proceedings in *habeas corpus*, or whether it is not conclusive, are questions not settled by harmonious judicial decisions, nor by any authoritative judgment of this court. It is conceded that the determination of the fact by the executive of the State in issuing his warrant of arrest, upon a demand made on that ground, whether the writ contains a recital of an express finding to that effect or not, must be regarded as sufficient to justify the removal until the presumption in its favor is overthrown by contrary proof. *Ex parte Reggel*, 114 U. S. 642." It was said in *Cook* v. *Hart*, 146 U. S. 183, at page 193, respecting this subject, "We have no doubt that the Governor upon whom the demand is made must determine for himself in the first instance, at least, whether the party charged is a fugitive from justice (*Ex parte Reggel*, 114 U. S. 642; *Roberts* v. *Reilly*, 116 U. S. 80), but whether his decision thereon be final is a question proper to be determined by the courts of that State." It was said in one of the most recent authoritative pronouncements on this subject, *Biddinger* v. *Commissioner of Police*, 245 U. S. 128, at pages 134, 135: "The scope and limits of the hearing on *habeas corpus* in such cases has not been, perhaps it should not be, determined with precision. Doubt as to the jurisdiction of the courts to review at all the executive conclusion that the person accused is a fugitive from justice has more than once been stated in the decisions of this court, *Ex parte Reggel*, 114 U. S. 642; *Roberts* v. *Reilly*, 116 U. S. 80; *Appleyard* v. *Massachusetts*, 203 U. S. 222; but the question not being necessary for the disposition of the cases in which it is touched upon, as it is not in this, it is left undecided. This much, however, the decisions of this court make clear; that the proceeding is a summary one, to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest; that when the extradition papers required by the statute are in the proper form the only evidence sanctioned by this court as admissible on such a hearing is such as tends to prove that the accused was not in the demanding State at the time the crime is alleged to have been committed; and, frequently and emphatically, that defenses cannot be entertained on such a

hearing, but must be referred for investigation to the trial of the case in the courts of the demanding State."

If it be the law that the decision of the Governor of this Commonwealth as to rendition, made as it is and must be in accordance with the careful requirements of G. L. c. 276, §§ 11–14, is not reviewable as to any matter of fact, that is the end of the petitioner's case.

There are decisions of the Supreme Court of the United States holding that there may be judicial review of executive action in respect to granting interstate rendition on the ground that the demanded person is not a fugitive from justice. *Hyatt* v. *Corkran*, 188 U. S. 691, 711, 714. *Munsey* v. *Clough*, 196 U. S. 364. *McNichols* v. *Pease*, 207 U. S. 100. *Bassing* v. *Cady*, 208 U. S. 386. *Strassheim* v. *Daily*, 221 U. S. 280. *Hogan* v. *O'Neill*, 255 U. S. 52, 56. It is assumed for the purposes of this decision that the right to such judicial review exists. The precise question is, how far that judicial review extends. The question whether the person demanded is a fugitive from justice is a question of fact. Under U. S. Rev. Sts. § 5278, the chief executive of the State to which the demanded person is alleged to have fled is the one upon whom is cast the duty of remanding the fugitive. Whether in fact he is a fugitive must be decided by the Governor of the asylum State. *Hogan* v. *O'Neill, supra.* The decision, therefore, in the first instance must be before an executive officer acting by executive methods and procedure and not by a judge acting by judicial methods and procedure. "Strict common law evidence is not necessary. The statute does not provide for the particular kind of evidence to be produced before him, nor how it shall be authenticated, but it must at least be evidence which is satisfactory to the mind of the Governor. *Roberts* v. *Reilly,* 116 U. S. 80. 95." *Munsey* v. *Clough, supra,* page 372. It seems to follow from these considerations that the court before whom review of executive decision is sought does not try the whole question anew according to strict rules of evidence and all other procedural limitations. It was said in *McNichols* v. *Pease, supra,* page 112: "When a person is held in custody as a fugitive from justice under an extra-

dition warrant, in proper form, and showing upon its face all that is required by law to be shown as a prerequisite to its being issued, he should not be discharged from custody unless it is made clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States. We may repeat the thought expressed in *Appleyard's Case*, above cited [203 U. S. 222], that a faithful, vigorous enforcement of the constitutional and statutory provisions relating to fugitives from justice is vital to the harmony and welfare of the States, and that 'while a State should take care, within the limits of the law, that the rights of its people are protected against illegal action, the judicial authorities of the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws of a State to find a permanent asylum in the territory of another State.'" In *Rodman* v. *Pothier*, 264 U. S. 399, 402, is found this language: "Barring certain exceptional cases (unlike the present one), this court 'has uniformly held that the hearing on *habeas corpus* is not in the nature of a writ of error nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court.' *Henry* v. *Henkel*, 235 U. S. 219, 229."

The rule is stated in *Munsey* v. *Clough, supra,* pages 374, 375, in these words: "When it is conceded, or when it is so conclusively proved, that no question can be made that the person was not within the demanding State when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time, in the demanding State, then the court will discharge the defendant. *Hyatt* v. *Corkran*, 188 U. S. 691, affirming the judgment of the New York Court of Appeals, [in *People* v. *Hyatt*,] 172 N. Y. 176. But the court will not discharge a defendant arrested under the Governor's warrant where there

is merely contradictory evidence on the subject of presence in or absence from the State, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused." This is a comparatively recent case, decided in 1905. There is nothing in any subsequent decision, so far as we have been able to discover, which narrows or affects in any way the rule here stated. We understand it to be the governing rule in a case like the present.

In the light of these decisions, the precise issue in the case at bar must be examined. It is to be noted that no question is raised as to the fact that the petitioner "stands charged" in the State of Missouri "with the crime of Robbery 1st degree," a crime under the laws of that State, nor as to the fact that he is the identical person thus charged. The petitioner concedes by silence on these points that he is the person charged with crime in the State of Missouri. Recitals in the warrant issued by the Governor of this Commonwealth on which the petitioner was held are that the "representation and demand" for rendition made by the Governor of Missouri "are accompanied by certain documents whereby the said William Germain is shown to have been duly charged with the said crime and to be a fugitive from the justice of the State of Missouri, and to have taken refuge in this Commonwealth," all duly certified and authenticated by the Governor of Missouri. The offer of proof made by the petitioner at the trial before the single justice was to show "that the affidavit attached to the warrant of the Governor of Missouri was false because the affiant had no personal knowledge as to the commission of the crime or of the presence of the petitioner in the town where the robbery was committed except that the affiant personally saw the petitioner there four days previous to the alleged commission of the offence; and that the entire affidavit was founded upon hearsay evidence." It is to be observed that the crime here charged is one which by its essential characteristics must be and can only be committed by the offender when personally present at the time and place charged. No question as to

constructive presence and actual absence such as arose in *Hyatt* v. *Corkran, supra,* is presented in the case at bar.

The affidavits which accompanied the demand of the Governor of Missouri are not set out in the record. In their absence it must be assumed at least that they showed on their face facts by those purporting to have knowledge thereof sufficient to warrant rendition. Affidavits of that nature constitute "sworn evidence" within the meaning of those words in G. L. c. 276, § 11. *Duddy's Case,* 219 Mass. 548, 550, 551. *Graves's Case,* 236 Mass. 493, 498. The evidence may be entirely documentary. *Ex parte Reggel, supra,* pages 644, 652, 653. No presumptions can be made as to the weakness of affidavits on their face in favor of the petitioner. He is bound to show that a ruling was positively wrong in a pertinent particular before he can prevail. Every presumption as to the sufficiency of the affidavits and the knowledge of the affiants as to pertinent facts must be made against the petitioner, who claims to be the aggrieved party, under these circumstances. *Posell* v. *Herscovitz,* 237 Mass. 513, 516, 517.

It is plain that, making the assumptions already stated, which we are bound to make respecting the affidavits, the offer of proof raised merely a question of fact as to the credibility of witnesses, which ought to be tried in the courts of Missouri and not on a petition for habeas corpus.

The offer of proof that the petitioner was "physically within this Commonwealth and not in the State of Missouri" "on December 30, 1925, the time of the alleged crime," raised merely the defence of alibi. That appears clearly from the further statement of the offer of proof to the effect that the affiant, whose affidavit accompanied the demand for rendition, "personally saw the petitioner there [in the town where the robbery was committed] four days previous to the alleged commission of the offence." It is enough if there is evidence that the person demanded was in the demanding State "in the neighborhood of the time alleged," *Strassheim* v. *Daily,* 221 U. S. 280, 286, or "at or about that time," *Hogan* v. *O'Neill,* 255 U. S. 52, 55. Confessedly the affidavit showed such presence of the demanded person.

Moreover, it does not appear what other evidence was presented to the single justice at the trial. The report does not purport to set it out.

Although the procedure respecting interstate rendition under the Constitution of the United States is not the same as international extradition, there is some analogy between the two. In *Terlinden* v. *Ames,* 184 U. S. 270, 278, it was said: "The settled rule is that the writ of *habeas corpus* cannot perform the office of a writ of error, and that, in extradition proceedings, if the committing magistrate has jurisdiction of the subject matter and of the accused, and the offence charged is within the terms of the treaty of extradition, and the magistrate, in arriving at a decision to hold the accused, has before him competent legal evidence on which to exercise his judgment . . . whether the facts are sufficient to establish the criminality of the accused for the purposes of extradition, such decision cannot be reviewed on *habeas corpus.*" Confessedly the Governor of this Commonwealth had before him competent evidence to the effect that the petitioner was a fugitive from justice and gave credence to it.

The single justice was not required to try the question of alibi on this petition. He was not obliged to receive evidence which, at the most, in view of what it may be assumed was before him in the absence of a contrary showing, would raise a question of fact as to the whereabouts of the petitioner at about the time of the commission of the alleged crime in Missouri, and as to the credibility of those who might be witnesses against him on a trial in that State. The offer of proof in behalf of the petitioner was not of a nature in this state of the record to make it "clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States." *McNichols* v. *Pease, supra,* page 112. It was not necessary to go through the idle form of receiving evidence which in the mind of the single justice, in view of other circumstances or evidence, could not produce the result desired by the petitioner and which could at most raise only a question of disputed fact.

It follows, confining the decision to the precise facts of this record, that the petitioner fails to show any reversible error in the rulings of which he complains.

*Order denying petition affirmed.*