JOSEPH HARRIS, petitioner.

Suffolk.    May 14, 1941. — May 27, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Extradition and Rendition.*

Section 20G of G. L. (Ter. Ed.) c. 276, as appearing in St. 1937, c. 304, § 1, authorizing the Governor in his discretion to surrender a fugitive on demand of the executive authority of another State although at the time a criminal prosecution is pending here against the fugitive for violation of our law, is not violative of art. 30 of the Declaration of Rights, requiring a separation of the three branches of government, with respect to a fugitive not incarcerated nor in the custody of a court here.

The Governor was not without authority to recognize a demand by a Governor of another State for rendition of one accused of crime merely because the demand did not state in direct terms that the accused person was in that State when the alleged crime was committed, if his presence there was shown by implication by statements in the demand and by specific statements in the papers accompanying the demand.

The mere inclusion, in one of the affidavits accompanying a demand by the Governor of another State for rendition of one accused of committing there the crime of receiving stolen goods, of statements that the goods were delivered to the accused in this Commonwealth, did not require a ruling that the demand and its accompanying papers failed substantially to charge the accused with the commission of any crime in the other State, where direct statements in the demand itself as well as in other accompanying papers set forth a crime committed by the accused in that State.

PETITION, filed in the Superior Court on August 26, 1940.

After a hearing by *Greenhalge*, J., the petition was dismissed.

The case was submitted on briefs.

*H. F. Callahan*, for the petitioner.

*R. T. Bushnell*, Attorney General, & *T. Leboeuf*, Assistant Attorney General, for the respondent.

RONAN, J.   This petition for a writ of habeas corpus alleges that the petitioner was unlawfully arrested and imprisoned, under a warrant issued upon the request of

the Governor of the State of New York, for the alleged crime of receiving stolen goods, and that the said warrant was issued contrary to the laws of the United States and to the Constitution and laws of this Commonwealth. At the hearing in the Superior Court the only evidence presented was the demand, and its accompanying papers, of the Governor of New York for the rendition of the petitioner; a statement of agreed facts that the said demand and the said papers were presented to the Governor of this Commonwealth who issued a warrant for the arrest of Harris in compliance with the said demand, that at the time he issued the said warrant the Governor of this Commonwealth knew that an indictment was pending against the petitioner for the commission of a crime in this Commonwealth; an admission by the petitioner that he was in the State of New York on May 1, 1940, and May 6, 1940; and a denial by him that he had seen one Salsberg on those dates. The petitioner excepted to the denial of three requests for rulings, and to the order dismissing the petition.

There was no error in the denial of the first request that the Governor of this Commonwealth had no authority to issue a warrant for the arrest and rendition of the petitioner to the State of New York when he knew that an indictment was then pending here against the petitioner for the commission of a felony. The agreed facts showed the pendency of an indictment, but it did not show the nature of the offence charged. It might have accused the petitioner only of a misdemeanor. It is proper to refuse a request not based upon the evidence. *Wood* v. *Skelley*, 196 Mass. 114. *Boston Five Cents Savings Bank* v. *Brooks, ante,* 52.

We prefer to deal with this contention upon a broader ground. The uniform criminal interstate rendition law was adopted in this Commonwealth by St. 1937, c. 304, and now appears as G. L. (Ter. Ed.) c. 276, §§ 11–20R, inclusive. Section 20G expressly authorizes the Governor in his discretion to surrender a fugitive on the demand of the executive authority of another State, although a criminal prosecution is then pending against such person for

violation of the law of this Commonwealth. The validity of this statute is challenged on the ground that it violates art. 30 of the Declaration of Rights of our Constitution requiring a separation between the three branches of government. The petitioner was not shown to be incarcerated or in the custody of the court on account of the pendency of the indictment mentioned in the first request for ruling, when the executive warrant was issued against him. For aught that appears on the record he might then have been at liberty under bail. The executive rendition of such a person would not constitute an interference with the judicial branch of government. *Opinion of the Justices,* 201 Mass. 609, 611. *Graves's Case,* 236 Mass. 493. Rendition under similar circumstances has been generally upheld. *Taylor* v. *Taintor,* 16 Wall. 366. *Roberts* v. *Reilly,* 116 U. S. 80. *People* v. *Klinger,* 319 Ill. 275. *Hansen* v. *Edwards,* 210 Mo. App. 35. *State* v. *Eberstein,* 105 Neb. 833. *People* v. *Hagan,* 34 Misc. (N. Y.) 85. Compare *State* v. *Saunders,* 288 Mo. 640.

The petitioner in his second request asked the court to rule that the Governor of this Commonwealth was without authority to issue a warrant, because the demand of the Governor of New York did not allege that the petitioner was present in the State of New York at the times of the commission of the alleged crimes. The rendition of those who commit a crime in one State and seek refuge in another is provided for in the Constitution of the United States, art. 4, § 2, clause 2, and is regulated by an Act of Congress, U. S. Rev. Sts. § 5278; U. S. C. Title 18, § 662. That act, in so far as now material, provides that whenever the executive authority of a State demands any person as a fugitive from justice of the executive authority of the State to which such person has fled, and produces a properly certified copy of an indictment charging the person with the commission of crime, it shall be the duty of the executive authority of the State in which the fugitive is to apprehend and deliver him to the agent of the demanding authority. These provisions of the Constitution and of the Act of Congress must be construed in accordance with the deci-

sions of the Supreme Court of the United States. *South Carolina* v. *Bailey*, 289 U. S. 412, 420. *In re Roberts*, 186 Wash. 13. State legislation upon the subject of interstate rendition is justified only in so far as it aids, assists and facilitates the operation of the constitutional provision and the Federal enactment. *Commonwealth* v. *Tracy*, 5 Met. 536. *Commonwealth* v. *Hall*, 9 Gray, 262. *Germain, petitioner*, 258 Mass. 289, 292. *Innes* v. *Tobin*, 240 U. S. 127. Our own statute, G. L. (Ter. Ed.) c. 276, § 14, in the form appearing in St. 1937, c. 304, § 1, provides that no demand shall be recognized unless it shall be in writing alleging either that the person was present in the demanding State at the time of the commission of the alleged crime, or that the person in this State, or in a third State, committed an act intentionally resulting in a crime in the demanding State. It is true that the written demand of the Governor of New York does not state in direct terms that the petitioner was in that State when the alleged crimes were committed. It clearly appears therefrom that the alleged crimes were committed in New York and that it had been represented to the Governor of that State that Harris had afterwards fled to this Commonwealth. The personal presence of Harris in New York is a necessary implication from the facts alleged in this demand. Moreover, the demand was accompanied by certain papers, one of which sets forth a sworn statement that Harris was in New York on May 1, 1940, and May 6, 1940, which were the dates upon which he was charged with the commission of crime in four counts of the indictment. We need not rely on the admission of the petitioner introduced at the hearing in the Superior Court that he was in that State on the last mentioned dates. The judge was right in refusing this request. A similar demand issued by a former Governor of New York was held valid in *Roberts* v. *Reilly*, 116 U. S. 80, although the question now raised does not seem to have been presented. This precise point, however, has been decided adversely to the petitioner. *People* v. *Millspaw*, 281 N. Y. 441. See also *Ex parte Reggel*, 114 U. S. 642.

The petitioner finally contends that the judge should have

granted his request that the demand of the Governor of New York and its accompanying papers did not substantially charge the petitioner with the commission of any crime in that State. This contention is based entirely upon statements, contained in one of the affidavits accompanying the demand, that the stolen goods were delivered to the petitioner in this Commonwealth. Those statements cannot rightly be said to control the direct statements in the demand itself that he committed the alleged offences, or the allegations contained in the indictment, or the statements of the acting district attorney, or those of the principal complaining witness against the petitioner. The guilt or innocence of Harris is not in issue for that must be determined in the demanding State. G. L. (Ter. Ed.) c. 276, § 20H. *Brown's Case*, 112 Mass. 409. *Pierce* v. *Creecy*, 210 U. S. 387. *Drew* v. *Thaw*, 235 U. S. 432. *Biddinger* v. *Commissioner of Police of New York*, 245 U. S. 128. *South Carolina* v. *Bailey*, 289 U. S. 412, 420. *Brown* v. *Fitzgerald*, 39 Fed. (2d) 870. *People* v. *McLaughlin*, 247 N. Y. 238, 241, 242. It is clear from an inspection of the documents submitted to the Governor that Harris was substantially charged with crimes against the laws of New York. "The warrant of the Governor of the Commonwealth is *primâ facie* evidence, at least, that all necessary legal prerequisites have been complied with, and, if the previous proceedings appear to be regular, is conclusive evidence of the right to remove the prisoner to the state from which he fled." *Davis's Case*, 122 Mass. 324, 328. *Kingsbury's Case*, 106 Mass. 223, 225. *Germain, petitioner*, 258 Mass. 289. *Munsey* v. *Clough*, 196 U. S. 364. *Illinois* v. *Pease*, 207 U. S. 100. *Hogan* v. *O'Neill*, 255 U. S. 52.

Since the exceptions, even if proper, must be overruled, it is unnecessary to consider whether exceptions lie in this case. *Bishop, petitioner*, 172 Mass. 35. *Chambers's Case*, 221 Mass. 178.

*Exceptions overruled.*