HENRY D. BAKER, petitioner.

Suffolk. January 5, 1942. — January 28, 1942.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Extradition and Rendition. Habeas Corpus. Evidence,* Presumptions and burden of proof. *Practice, Civil,* Habeas corpus proceedings; Exceptions: whether error harmful.

The requirement of § 14 of G. L. (Ter. Ed.) c. 276, as appearing in St. 1937, c. 304, § 1, that a demand for interstate rendition of a person charged with a crime in another State shall allege "that the person demanded was present in the demanding state at the time of the commission of the alleged crime," was complied with, although there was no express statement in the demand that the accused was so present, if it plainly appeared therefrom that he was charged with a crime in the demanding State which he could not have committed without being there.

Sworn testimony is not required by § 662 of U. S. C. Title 18 or by § 14 of G. L. (Ter. Ed.) c. 276, as appearing in St. 1937, c. 304, § 1, to make effective a requisition by the Governor of another State for the rendition of one stated therein to have been indicted for a crime committed there and to have fled into this Commonwealth, if the requisition is accompanied by a duly authenticated copy of the indictment.

At the hearing in habeas corpus proceedings seeking release from custody under a rendition warrant issued by the Governor of the Commonwealth upon requisition of the Governor of another State setting

forth in proper form an indictment for a crime in that State and that the accused was here a fugitive from justice there, certain testimony on the issue whether he was a fugitive did not require the trial judge to make a finding of fact contrary to that upon which the Governor of this Commonwealth must have relied in issuing the warrant.

The burden is on the respondent, in habeas corpus proceedings seeking the release of one under arrest on a warrant issued by the Governor in interstate rendition, to prove the fact, denied by the petitioner, that he is the person named in the warrant.

Rulings by a judge hearing habeas corpus proceedings seeking release from arrest upon a warrant for interstate rendition, in substance that the petitioner could not be held unless it was shown that he was the person named in the warrant, showed that the judge placed the burden of proof of such identity on the respondent, and his dismissal of the petition, on the evidence shown by the record, showed that he justifiably found that the respondent had sustained that burden; and there was no reversible error in his denial of an ambiguous request which the judge apparently interpreted as seeking to place the burden of proof of the entire case on the respondent.

One seeking release by habeas corpus from custody under an interstate rendition warrant is not entitled to raise the issue of his guilt of the crime charged to him.

PETITION, filed in the Superior Court on April 28, 1941, for a writ of habeas corpus.

The petition was heard by *Fosdick*, J.

The petitioner's requests for rulings, and their disposition, were as follows:

The judge granted a request numbered 5, that a "written statement under oath, made in positive form, if made under circumstances, or as to matters, which indicates that it was made upon information and belief, will be so considered"; a request numbered 9, that the "accused in custody must be the identical person charged with crime in New Hampshire, and named in the requisition and Governor's warrant of rendition"; and a request numbered 16, that to "warrant extradition of the petitioner to New Hampshire, the papers must name or describe him so that he may be identified as a fugitive from justice."

The judge denied requests numbered 1, 2, 3, 6, 7, and 8, to the effect that (1) "The Governor of this Commonwealth was without authority to issue his warrant for the arrest and rendition of your petitioner because the demand of the Governor of New Hampshire does not allege that your peti-

tioner was present in the State of New Hampshire at the time of the commission of the alleged crime"; (2) because the demand "and its accompanying papers does not substantially charge your petitioner with the commission of any crime in the State of New Hampshire"; (3) because the demand "was not accompanied by sworn evidence that your petitioner is a fugitive from justice of that State as required by G. L. (Ter. Ed.) c. 276, § 11, as amended by St. 1937, c. 304";[1] (7) "because the alleged affidavit of Ralph W. Caswell that your petitioner is a fugitive from justice is actually based on information and belief and is not the sworn evidence required by" said § 11; (8) "because the alleged affidavit of Ralph W. Caswell that your petitioner was in New Hampshire at the time of the commission of the alleged crime and that he fled from the said State of New Hampshire is actually based on information and belief and is not the sworn evidence required by" said § 11; and (6) that a "written statement under oath, made simply upon information and belief, does not possess the qualities of an affidavit."

The judge also denied requests for rulings (10) that the "burden of proof in this proceeding where the alleged fugitive has denied identity is upon the respondent"; and (4) that the evidence did not warrant a finding that the "petitioner was in the State of New Hampshire at the time of the commission of any crime alleged in the papers of demand by the Governor of New Hampshire"; and also requests for rulings (11) that the petitioner was "not a fugitive from the justice of the State of New Hampshire"; (12) that on all the evidence the court was "warranted in finding that the petitioner is not the person demanded by the Governor of the State of New Hampshire," (13) "in finding that the petitioner has shown by a preponderance of the evidence that he is not a fugitive from the justice of New Hampshire," (14) "in finding that the petitioner did

---

[1] The 1937 amendment struck out former §§ 11–20, inclusive, of c. 276, and inserted in place thereof new §§ 11–20R; and the new § 14, which is referred to in the opinion, apparently is the section intended to be referred to in these requests. — REPORTER.

not commit a crime in the State of New Hampshire on October 16, 1936, as alleged," and (15) "in finding that the Governor of this Commonwealth did not have before him competent evidence to the effect that your petitioner is a fugitive from the justice of New Hampshire."

*J. S. Hurley*, for the petitioner.

*T. Leboeuf*, Assistant Attorney General, for the respondent.

RONAN, J. The petitioner, by this petition for habeas corpus, seeks his release from the custody of an officer of the State police who has arrested him upon a rendition warrant, issued by the Governor of the Commonwealth in compliance with the requisition of the Governor of New Hampshire, which stated that Baker had been indicted for the crime of robbery in that State and had fled into this Commonwealth. This requisition was accompanied by a duly authenticated copy of the indictment for this offence returned against Baker. There was also attached to the requisition an affidavit of one Caswell, stating that Baker was in the city where the alleged robbery occurred at the time of its commission and that he thereafter fled to this Commonwealth, and a copy of an application for extradition of Baker, made to the Governor of New Hampshire by the county solicitor of the county where the alleged robbery was committed, which stated that he was of the opinion that the evidence was sufficient to secure a conviction of the fugitive. The petition was denied after a hearing in the Superior Court. The petitioner excepted to the order denying his petition and to the denial of his requests for rulings.

We assume in favor of the petitioner that the case may be properly brought here by exceptions. *Harris, petitioner*, 309 Mass. 180.

The Constitution of the United States, art. 4, § 2, provides that "A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime";

and the method and manner in which this constitutional requirement shall be enforced and executed are regulated by an Act of Congress, U. S. Rev. Sts. § 5278; U. S. C. Title 18, § 662, which imposes upon the executive authority of the State in which the fugitive has taken refuge the duty of causing him to be apprehended and delivered to the agent of the demanding State whenever the executive authority of the latter State makes such demand and produces a properly certified copy of an indictment charging the fugitive with the commission of a crime. Our statute, G. L. (Ter. Ed.) c. 276, § 14, as appearing in St. 1937, c. 304, § 1, provides that the demand for interstate rendition of a person charged with crime in another State shall be in writing and shall allege "that the person demanded was present in the demanding state at the time of the commission of the alleged crime," or that the person demanded did an act either in this Commonwealth or in a third State which resulted in the commission of the alleged crime in the demanding State. It is true that the demand of the Governor of New Hampshire does not expressly state that Baker was in that State at the time of the crime, but it plainly appears from the demand that Baker was charged with a crime, the nature of which required his presence at the time and place where the offence occurred, and that thereafter he fled to this Commonwealth. That such a demand is sufficient has been recently decided in *Harris, petitioner,* 309 Mass. 180. The indictment charged the commission of a robbery which the demand itself shows was a crime in that State, and the indictment was properly certified by the Governor of New Hampshire. Neither the Federal statute nor our present G. L. (Ter. Ed.) c. 276, § 14, as appearing in St. 1937, c. 304, § 1, requires sworn evidence in addition to the demand and a properly authenticated copy of the indictment. It is clear that the demand and the accompanying documents complied with the applicable statutes and authorized the Governor of this Commonwealth to honor the requisition if he found upon such evidence as he deemed satisfactory that the person demanded was a fugitive from the justice of New Hampshire. *Roberts* v. *Reilly,* 116 U. S. 80. *Mun-*

*sey* v. *Clough*, 196 U. S. 364. *Pettibone* v. *Nichols*, 203
U. S. 192. *Appleyard* v. *Massachusetts*, 203 U. S. 222.
*People* v. *Pease*, 207 U. S. 100. *Marbles* v. *Creecy*, 215
U. S. 63.

The effect to be given to the issuance of a rendition war-
rant by the Governor has been settled by our decisions.
Such a warrant is prima facie evidence, "at least, that all
necessary legal prerequisites have been complied with, and,
if the previous proceedings appear to be regular, is conclu-
sive evidence of the right to remove the prisoner to the state
from which he fled." *Davis's Case*, 122 Mass. 324, 328.
*Kingsbury's Case*, 106 Mass. 223. *Germain, petitioner*, 258
Mass. 289. *Harris, petitioner*, 309 Mass. 180. The only
oral evidence introduced at the hearing of the petition in
the Superior Court was the testimony of one Caswell, who
had made the affidavit which was attached to the requisition.
His testimony was to the effect that he was unable to find
any witness who identified the petitioner at the time of the
robbery. There was nothing in this testimony which affected
his statements in the affidavit that Baker was in the city
where the robbery was committed at the time of its occur-
rence and that he afterwards fled to this Commonwealth.
*Duddy's Case*, 219 Mass. 548. *Marbles* v. *Creecy*, 215 U. S.
63. The only other evidence before the Superior Court was
to the effect that the victim of the robbery had stated at a
hearing before an assistant attorney general that he was
robbed by two men; that he closely observed one of the
men but did not have "a good look at the other"; and that
Baker was not the man whom he had closely observed.
There was no error if the judge refused to find that this
evidence outweighed the effect that ought to be given to
the rendition warrant and refused to find that Baker was
not a fugitive from justice. *Germain, petitioner*, 258 Mass.
289. *Wallace, petitioner*, 265 Mass. 101. *South Carolina* v.
*Bailey*, 289 U. S. 412. What has been said disposes of the
first, second, third, fourth, sixth, seventh, eighth, eleventh
and thirteenth exceptions attacking the sufficiency of the
requisition and the indictment and the sufficiency of the
evidence that Baker was a fugitive from justice.

The petitioner contends that there was error in the denial of his tenth request that "The burden of proof in this proceeding where the alleged fugitive has denied identity is upon the respondent." We understand this request to mean that a petitioner for a writ of habeas corpus, by merely alleging that he is not the person named in the rendition warrant, throws the burden of proof of the entire case upon the respondent. It is plain that the judge so construed this request for he granted the ninth request, that the accused must be the person charged with the crime and named in the demand and warrant, and the sixteenth request, that before the petitioner could be extradited "the papers must name or describe him so that he may be identified as a fugitive from justice." The tenth request was not a correct statement of the law. A petitioner for a writ of habeas corpus who is held as a fugitive from justice has the burden of making it "clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States." *People* v. *Pease*, 207 U. S. 100, 112. *Duddy's Case*, 219 Mass. 548. *Germain, petitioner*, 258 Mass. 289. *Roberts* v. *Reilly*, 116 U. S. 80. *Munsey* v. *Clough*, 196 U. S. 364. *Pettibone* v. *Nichols*, 203 U. S. 192. *Bassing* v. *Cady*, 208 U. S. 386. *Hogan* v. *O'Neill*, 255 U. S. 52. *South Carolina* v. *Bailey*, 289 U. S. 412. *Ellison* v. *Splain*, 261 Fed. 247. *Levy* v. *Splain*, 267 Fed. 333. *People* v. *Brown*, 237 N. Y. 483.

We prefer to deal with this contention upon a broader ground and assume, in favor of the petitioner, that the point that he intended to raise by the tenth request was that the burden of proving that the petitioner was the person charged with the crime and was the one intended to be extradited to New Hampshire for the trial of the offence of which he was accused is upon the respondent. The identity of the petitioner with the person named in the rendition warrant is open upon a petition for habeas corpus. *United States* v. *Williams*, 12 Fed. (2d) 66. *Taylor* v. *Smith*, 213 Ind. 640. *State* v. *Bates*, 101 Minn. 303. *People* v. *Conlin*, 15 Misc. (N. Y.) 303. *People* v. *Enright*, 117 Misc. (N. Y.) 448. See G. L. (Ter. Ed.) c. 276, § 20H, inserted by St.

1937, c. 304, § 1. It has been said that the question of identity does not arise until an arrest has been made upon the rendition warrant and that, consequently, it is not one of the issues that is to be determined by the executive authority in deciding to honor the requisition. *Raftery* v. *Bligh*, 55 Fed. (2d) 189. *People* v. *Enright*, 115 Misc. (N. Y.) 206. We do not intimate that this statement is true in all cases or that there may not be instances where the identity may be so interwoven with the issue as to whether a person is a fugitive from justice that a decision of the latter question may involve an inquiry as to the identity of the person demanded. We need not further pursue the subject.

It has been generally held that the respondent must show that the petitioner was the person named or described in the rendition warrant. *Ex parte Chung Kin Tow*, 218 Fed. 185. *Raftery* v. *Bligh*, 55 Fed. (2d) 189. *People* v. *Meyering*, 358 Ill. 589. *People* v. *Byrnes*, 33 Hun, 98. *People* v. *Mulrooney*, 139 Misc. (N. Y.) 525. *Barnes* v. *Nelson*, 23 S. D. 181. *Ex parte Glisson*, 93 Tex. Cr. 338. See *State* v. *McGreary*, 123 Fla. 9.

The petitioner, however, was not indicted under a fictitious name or under any name other than his true name, as was the case in some of the decisions that we have cited. The petition, we assume, was brought in his correct name, and that is the name by which he was described in the requisition, in the indictment, the accompanying affidavit, and the rendition warrant. He apparently did not raise any question of identity at the hearing upon the granting of the requisition, when he offered the testimony of a witness that he was in Boston on the afternoon of the day upon which the robbery occurred. Moreover, in his petition he alleges that the rendition warrant "purports to be a warrant of rendition for the arrest and deportation of your petitioner," and it was not until during the hearing in the Superior Court that he sought, and was granted permission, to amend the petition by alleging that he was not the Henry D. Baker named in the warrant. In his petition he describes himself as a resident of Boston. He is so described

in the indictment and in the affidavit which accompanied the demand. He apparently sought and secured a hearing on whether the requisition of the Governor of New Hampshire could be granted. Enough appears to support the finding of the judge, implied in the general finding in dismissing the petition, that the petitioner was the person named in the rendition warrant. *Dolan* v. *Mutual Reserve Fund Life Association*, 173 Mass. 197. *Ayers* v. *Ratshesky*, 213 Mass. 589. *Souza* v. *Metropolitan Life Ins. Co.* 270 Mass. 189. *Commonwealth* v. *Ehrlich*, 308 Mass. 498. *People* v. *Nash*, 366 Ill. 186. *People* v. *O'Brien*, 371 Ill. 351. *People* v. *Ryan*, 181 App. Div. (N. Y.) 404.

The judge in granting the petitioner's ninth and sixteenth requests ruled, in substance, that the petitioner could not be held unless it was shown that he was the person named in the extradition warrant and this, in effect, was the equivalent of a ruling that the burden of proof on this issue was upon the respondent, which the judge would undoubtedly have given if he had been asked to do so by an appropriate request in unambiguous terms. It follows that the refusal to grant the tenth request cannot, in these circumstances, be held to constitute reversible error. *Rathgeber* v. *Kelley*, 299 Mass. 444. *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540. *Leonard* v. *Woodward*, 305 Mass. 332, 338. *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509.

There was no error in refusing to give the twelfth request, that the petitioner was not the person demanded by the requisition, because there was no evidence that he was not the person named in the demand and, in so far as the question was one of fact, the judge by his action upon the ninth and sixteenth requests showed that he considered all the evidence and properly found that the petitioner was the person sought to be extradited. The judge properly refused to rule in accordance with the fourteenth request that, upon all the evidence, a finding was warranted that the petitioner did not commit the robbery in New Hampshire. The request was immaterial, because the guilt or innocence of the petitioner was not open in these proceedings. G. L. (Ter. Ed.) c. 276, § 20H, as inserted by St.

1937, c. 304, § 1. *Brown's Case,* 112 Mass. 409. *Harris, petitioner,* 309 Mass. 180. *Biddinger* v. *Commissioner of Police,* 245 U. S. 128. *South Carolina* v. *Bailey,* 289 U. S. 412.

It having appeared at the oral argument before this court that the petitioner is at liberty upon bail, the entry will be that the petitioner be remanded to custody under the warrant of the Governor for rendition to the agent of the Governor of the State of New Hampshire. *Graves's Case,* 236 Mass. 493.

*So ordered.*